UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| PATRICIA KENNEDY, Individually,<br><br>       Plaintiff,<br><br>v.<br><br>KMM ENTERPRISES, INC., & JOSEPH F. MIRANDA,<br><br>       Defendants.<br>_____/ | Case No. |

# **COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, PATRICIA KENNEDY, Individually, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, KMM ENTERPRISES, INC., & JOSEPH F. MIRANDA, (sometimes referred to, collectively, as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff is a Florida resident, lives in Broward and Pasco Counties, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage in the major life activity of walking and has limited use of her hands. Instead, Plaintiff is bound to ambulate in a wheelchair. Ms. Kennedy's access to the Defendants' property or to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered therein was restricted or limited because of her disabilities, and will be restricted

     or limited in the future unless and until the Defendants are compelled to remove the barriers to access and remedy all ADA violations which exist at its property including those set forth in this complaint.

2. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  The place of public accommodation that the Defendants own, operate, lease or lease to is known as a Hampton Inn, and is located in the County of Polk.

3. Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs.  The Defendants' property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5. As the owners, lessors, lessees, or operators of the subject premises, Defendants are required to comply with the ADA.  To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182.  To the extent that the property, or portions thereof, were constructed prior to January 26, 1993 ("newly constructed facility"),

the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183. To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

6. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

7. A preliminary inspection of the Hampton Inn at 22900 US Hwy 27, Lake Wales, Polk County, Florida has shown that violations exist. These violations include, but are not limited to:

**GENERAL**

1. Defendants fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

2. Defendants fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

**PARKING/EXTERIOR**

3. The curb ramps that service the disabled parking spaces east side of building (south of lobby entrance) are non-compliant as they cause the cross-slope of the sidewalk (accessible route) to exceed max 1:48 (2.1%) cross-slope.  2010 ADAAG violation:  402, 406.

4. The sidewalk (accessible route) east side of building (south of lobby entrance) is non-compliant as the cross-slopes exceed max 1:48 (2.1%).  2010 ADAAG violation: 402.

5. The disabled parking spaces east side of building (south of lobby entrance) are non-compliant as the slope of the spaces exceeds max 1:48 (2.1%) slope (in all directions).  2010 ADAAG violation: 502.

6. The curb ramp that services the disabled parking spaces west side of building is non-compliant as the slope exceeds max 1:12 (8.33%).  2010 ADAAG violation: 406.

7. The sidewalk (accessible route) west side of building, between curb ramp that services the disabled parking spaces, and ramp entrance (that services the west

door to building) is non-compliant as the cross-slopes exceed max 1:48 (2.1%) cross-slope.  2010 ADAAG violation: 402.

8. The bottom landing at entrance of ramp west side of building that services the west door is non-compliant as the cross-slope exceeds max 1:48 (2.1%) slope. In addition, the landscaping is encroaching onto the required maneuvering space.  2010 ADAAG violation: 305, 405.

9. The ramp west side of building that services the west door is non-compliant as the handrails are not on both sides of ramp.  In addition, current rail does not have the required extension.  2010 ADAAG violation: 405, 505.

10. The current informational or directional signage that directs persons with disabilities to the locations of the accessible entrances, accessible routes or amenities are non-compliant.  2010 ADAAG violation: 206, 207, 216, 703.

11. The maneuvering space on the exterior of the south door to building (that services pool) is non-compliant as the slope exceeds max 1:48 (2.1%) for a depth of 60 inches (front approach).  2010 ADAAG violation: 404.

12. The sidewalk (accessible route) south side of building (that connects the south door to building with pool entrance) is non-compliant as the slope of sidewalk exceeds max 1:20 (5%) slope.  2010 ADAAG violation: 402.

**POOL**

13. The accessible access to the pool is non-compliant as there is no pool lift. 2010 ADAAG violation: 242, 1009.

14. The pool shower is non-compliant as the showerhead exceeds max 48 inches above floor.  2010 ADAAG violation: 308, 309, 608.

**LOBBY & BREAKFAST ROOM**

15. The hotel does not display the required signage at front desk that informs persons with disabilities as to the availability of the required assistive devices and TTY terminal.  2010 ADAAG violation: 703, 706.

16. The tables in lobby (breakfast room) are non-compliant as a minimum of 5% of the tables (seating) is not accessible.  2010 ADAAG violation: 226, 902.

**MEN'S LOBBY RESTROOM**

17. The men's lobby restroom door is non-compliant as the pull force on the door exceeds max 5 lbs. of pull force.  2010 ADAAG violation: 404.

18. The side grab bar is non-compliant as the grab bar does not extend minimum 54 inches from rear wall.  2010 ADAAG violation: 604.

19. The mirror is non-compliant as the height of the mirror exceeds max 40 inches above floor from bottom reflective edge.  2010 ADAAG violation: 604.

20. The toilet paper dispenser is not compliant as it is not max 7 to 9 inches from front rim of toilet.  2010 ADAAG violation: 604.

8. Plaintiff has visited the property which forms the basis of this lawsuit on July 5, 2019 and July 6, 2019, and plans to return to the property in the near future to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant.  The Plaintiff has

        encountered barriers at the subject property which discriminate against her on the basis of her disability.

9. In the alternative, Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

10. The violations present at Defendants' facility, create a hazard to Plaintiff's safety.

11. Plaintiff is continuously aware of the violations at Defendants' facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless she is willing to suffer additional discrimination.

12. The violations present at Defendants' facility infringe Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants' facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendants facility, and knowing that it would be a futile gesture to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a

public accommodation with violations, Defendants deprive plaintiff the equality of opportunity offered to the general public.

13. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 7 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Hampton Inn not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15. The Defendants have discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

16. The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

       The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17. Defendants have discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the Hampton Inn to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or

      otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.    The Court issue all remedies available under 42 U.S.C. Sections 12188 and 2000a-3(a) including but not limited to preventive relief, permanent or temporary injunction, restraining order, or other order, as the Court deems just and proper."

e.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

      Respectfully Submitted,

|  |  |
|---|---|
|  | **PHILIP MICHAEL CULLEN, III**<br>Attorney-at-Law --Chartered<br>621 South Federal Highway, Suite Four<br>Fort Lauderdale, Florida 33301<br>954-462-0600<br>fax 954-462-1717<br>CULLENIII@aol.com<br>Florida Bar. Id. No. 167853<br><br>By:_/s/ Philip Michael Cullen, III,_ |